IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| A&J MANUFACTURING, LLC,<br>    a Georgia corporation, and<br><br>A&J MANUFACTURING, INC.,<br>    a Florida corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>W.C. BRADLEY CO.,<br>    a Georgia corporation, and<br><br>ZHEJIANG FUDEER ELECTRIC<br>    APPLIANCE CO., LTD.,<br>    a corporation of the People's<br>    Republic of China,<br><br>    Defendants. | Civil Action No.<br>2:13-cv-00115-LGW-JEG<br><br>JURY DEMAND |

## ANSWER OF DEFENDANT W.C. BRADLEY CO.

Defendant W.C. Bradley Co. ("Bradley") hereby submits its Answer to the Complaint And Demand For Jury Trial (the "Complaint") filed by plaintiffs A&J Manufacturing, LLC and A&J Manufacturing, Inc. (collectively, "A&J"). Bradley denies each and every allegation and characterization set forth in the Complaint unless expressly admitted herein. Bradley responds to each paragraph of the Complaint as follows:

## I. PARTIES AND NATURE OF SUIT

1. Bradley admits that the Complaint purports to assert claims for patent infringement and that the Complaint purports to seek monetary relief and equitable relief against Bradley and Zhejiang Fudeer Electric Appliance Co. Ltd. ("Fudeer"). Bradley denies that Bradley or Fudeer has infringed or is infringing any of A&J's patents.

2. Bradley is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, with the effect that the allegations are denied.

3. Bradley is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, with the effect that the allegations are denied.

4. Bradley admits that what appears to be a copy of U.S. Patent No. 8,381,712 (the "'712 patent") is attached to the Complaint as Exhibit A. Bradley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, with the effect that the allegations are denied.

5. Bradley admits that what appears to be a copy of U.S. Patent No. D660,646 (the "'646 patent") is attached to the Complaint as Exhibit B. Bradley is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint, with the effect that the allegations are denied.

6. Bradley admits that what appears to be a copy of U.S. Patent No. D662,773 (the "'773 patent") is attached to the Complaint as Exhibit C. Bradley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint, with the effect that the allegations are denied.

7. Bradley admits that A&J is a distributor of outdoor grilling products, including multiple mode grill products that embody the alleged inventions of the '646 patent and the '773 patent. Bradley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 of the Complaint, with the effect that the allegations are denied.

8. Bradley is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint that A&J Manufacturing, LLC sells and distributes products nationwide in cooperation with A&J Manufacturing, Inc., that the products embody the alleged invention of the '712 patent and that the photos depict "genuine" A&J products, with the effect that

the allegations are denied. Bradley admits the remaining allegations of Paragraph 8 of the Complaint.

9. Bradley admits the allegations of Paragraph 9 of the Complaint.

10. Bradley admits the allegations of Paragraph 10 of the Complaint.

## II. JURISDICTION, VENUE AND JOINDER

11. Bradley admits the allegations of Paragraph 11 of the Complaint.

12. Bradley does not contest personal jurisdiction over Bradley for the purposes of this matter. Bradley denies the remaining allegations of Paragraph 12 of the Complaint.

13. To the extent the allegations in Paragraph 13 are not directed to Bradley, no response is necessary. Bradley denies the remaining allegations of Paragraph 13 of the Complaint.

14. Bradley admits that the alleged acts of infringement asserted against Bradley and Fudeer (which allegations Bradley denies) concern the same product so that common questions of fact will arise. Bradley denies the remaining allegations of Paragraph 14 of the Complaint.

15. Bradley does not contest venue in this judicial district. Bradley denies that there have been acts of infringement in this district or otherwise. Bradley is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 15 of the Complaint, with the effect that the allegations are denied.

### III.   DEFENDANTS' PRODUCTS

16. Bradley denies the allegations of Paragraph 16 of the Complaint.

17. Bradley admits that the photo appears to depict a Char-Broil grill, but otherwise denies the allegations in Paragraph 17 of the Complaint.

18. Bradley admits that Fudeer manufactures the Char-Broil 463724512 grill in China. Bradley denies the remaining allegations of Paragraph 18 of the Complaint.

19. Bradley denies the allegations of Paragraph 19 of the Complaint.

20. Bradley admits that the photo appears to depict an Oklahoma Joe product, but otherwise denies the allegations of Paragraph 20 of the Complaint.

21. Bradley denies the allegations of Paragraph 21 of the Complaint.

22. Bradley is without knowledge or information to form a belief as to the truth or falsity of allegations in Paragraph 22, which call for a legal conclusion as to characterizations of features or elements, with the effect that the allegations are denied.

## IV. FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,381,712)

23. Bradley incorporates by reference, as if fully set forth herein, its responses to each of Paragraphs 1-22 of the Complaint.

24. Bradley denies the allegations of Paragraph 24 of the Complaint.

25. Bradley denies the allegations of Paragraph 25 of the Complaint.

26. Bradley denies the allegations of Paragraph 26 of the Complaint.

27. Bradley denies the allegations of Paragraph 27 of the Complaint.

## V. SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. D660,646)

28. Bradley incorporates by reference, as if fully set forth herein, its responses to each of Paragraphs 1-27 of the Complaint.

29. Bradley denies the allegations of Paragraph 29 of the Complaint.

30. Bradley denies the allegations of Paragraph 30 of the Complaint.

31. Bradley denies the allegations of Paragraph 31 of the Complaint.

32. Bradley denies the allegations of Paragraph 32 of the Complaint.

33. Bradley denies the allegations of Paragraph 33 of the Complaint.

## VI. THIRD CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. D660,646)

34. Bradley incorporates by reference, as if fully set forth herein, its responses to each of Paragraphs 1-33 of the Complaint.

35. Bradley denies the allegations of Paragraph 35 of the Complaint.

36. Bradley denies the allegations of Paragraph 36 of the Complaint.

37. Bradley denies the allegations of Paragraph 37 of the Complaint.

38. Bradley denies the allegations of Paragraph 38 of the Complaint.

39. Bradley denies the allegations of Paragraph 39 of the Complaint.

### PLAINTIFF'S PRAYER FOR RELIEF

Bradley denies that A&J is entitled to any of the relief requested in its Prayer for Relief. To the extent not previously addressed, Bradley denies the remaining prayers and allegations in the Complaint.

### AFFIRMATIVE DEFENSES

Without assuming any burden that it would not otherwise have, Bradley asserts the following affirmative or other defenses in response to the allegations in the Complaint. A&J's burden of proof is established by applicable law and is not changed by Bradley's defenses. Bradley reserves the right to assert any separate and additional defenses that may be supported by information or facts obtained through discovery or other means during this case and expressly reserves the right to amend its Answer to assert such separate and additional defenses in the future.

## FIRST DEFENSE

Bradley is not infringing, and has not infringed, directly or indirectly, any valid claim of the '773 patent, the '646 patent, or the '712 patent, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

Each claim of the '773 patent, the '646 patent, and the '712 patent is invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101.

## THIRD DEFENSE

Each claim of the '773 patent, the '646 patent, and the '712 patent is invalid and/or unenforceable for failure to meet the conditions for patentability set forth in 35 U.S.C. § 102.

## FOURTH DEFENSE

Each claim of the '773 patent, the '646 patent, and the '712 patent is invalid and/or unenforceable for failure to meet the conditions for patentability set forth in 35 U.S.C. § 103.

## FIFTH DEFENSE

Each claim of the '773 patent, the '646 patent, and the '712 patent is invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 112.

## SIXTH DEFENSE

Upon information or belief, A&J's claims of infringement with respect to the '773 patent, the '646 patent, and the '712 patent are barred in whole or in part by the doctrine of prosecution history estoppel.

## SEVENTH DEFENSE

A&J is not entitled to injunctive relief for one or more of the following reasons: any alleged injury to A&J is not immediate or irreparable; A&J has an adequate remedy at law; considering the balance of hardships between A&J and Bradley, a remedy in equity is not warranted; and the public interest would be disserved by injunctive relief.

## EIGHTH DEFENSE

To the extent that A&J failed to comply with the applicable provisions of 35 U.S.C. § 287, A&J's claims for damages arising from the alleged infringement of the '773 patent, the '646 patent, or the '712 patent are limited under § 287.

## NINTH DEFENSE

Upon information and belief, the '646 patent is unenforceable due to inequitable conduct during prosecution, including without limitation the nondisclosure, with intent to deceive, of information known to the applicants that was material to patentability.

Patent Application No. 11/193,320 ("the '320 Application"), which issued as the '712 Patent, was filed on July 30, 2005. It includes a front-perspective diagram of a barbecue grill. The front-perspective view of the barbecue grill is the only view disclosed in the '320 Application.

Patent Application No. 29/392,019 ("the '019 Application"), which issued as the '646 Patent, was filed on May 16, 2011. The application discloses an allegedly ornamental design for a pair of lids for a dual grill. The application includes seven figures, depicting a front-perspective view, a front view, a rear view, a left side view, a right side view, and top view, and a bottom view of a grill, all depicted in phantom with the exception of the claimed pair of semi-cylindrical lids.

During prosecution of the '646 Patent, the Examiner rejected the applicant's claim that the application is entitled to claim priority to the '320 Application. The Examiner reasoned that the '320 Application only disclosed the front-perspective

view of the claimed design and therefore did not satisfy the written description requirement of 35 U.S.C. § 112.

Six of the seven figures in the '019 Application were found by the Examiner to be new matter not disclosed/contained in the '320 Application from which the applicant attempted to claim priority. As a result, the Examiner required the applicant to remove the claim to priority in the '019 Application to the '320 Application. In response, the applicant amended the '019 Application to be a continuation-in-part of the '320 Application.

The Examiner accepted the amendment maintaining that the '019 Application could not claim priority to the '320 Application.

Pursuant to patent examination practice, citing *In re Corba*, 212 USPQ 825 (Comm'r Pat. 1981), the Examiner stated that the entitlement to priority would not be considered in either application unless the earlier priority date was needed to avoid intervening prior art.

Sometime in 2007, A&J began offering their Duo 5050 grill for sale in the United States. The Duo 5050 grill embodies the allegedly ornamental design disclosed in the '646 Patent.

The applicant's own Duo 5050 Grill, as well as documentation about it, constituted intervening prior art to the '646 Patent because it was on sale well more

than a year before the filing of the application. As a result, the '646 Patent is invalid under at least 35 U.S.C. 102(b).

The applicant filed a supplemental Information Disclosure Statement with only a short third party promotional reference about the Duo, dated July 2010. A&J did not inform the PTO that the Duo grill was on sale as early as 2007.

This omission by the A&J was material to the patentability of the '646 Patent because the Duo grill anticipated the claim of the '019 Application.

As such, the '646 Patent is unenforceable due to the commission of inequitable conduct by the applicant and his agents in regard to the '019 Patent application.

## TENTH DEFENSE

Upon information and belief, the '773 patent is unenforceable due to inequitable conduct during prosecution, including without limitation the nondisclosure, with intent to deceive, of information known to the applicants that was material to patentability.

Patent Application No. 11/193,320 ("the '320 Application"), which issued as the '712 Patent, was filed on July 30, 2005. It includes a front-perspective diagram of a barbecue grill. The front-perspective view of the barbecue grill is the only view disclosed in the '320 Application.

12

Patent Application No. 29/392,027 ("the '027 Application"), which issued as the '773 Patent, was filed on May 16, 2011. The application discloses an allegedly ornamental design for a pair of lids for a dual grill. The application includes seven figures, depicting a front-perspective view, a front view, a rear view, a left side view, a right side view, and top view, and a bottom view of a grill all depicted in phantom with the exception of the claimed pair of semi-cylindrical lids.

During prosecution of the '773 Patent, the Examiner rejected the applicant's claim that the application is entitled to claim priority to the '320 Application, because the '320 Application only disclosed the front-perspective view of the claimed design and therefore did not satisfy the written description requirement of 35 U.S.C. § 112.

Six of the seven figures in the '019 Application were found by the Examiner to be new matter not disclosed/contained in the '320 Application from which the applicant attempted to claim priority. As a result, the Examiner required the applicant to remove the claim to priority in the '019 Application to the '320 Application. In response, the applicant amended the '019 Application to be a continuation-in-part of the '320 Application.

The Examiner accepted the amendment maintaining that the '019 Application could not claim priority to the '320 Application.

Pursuant to patent examination practice, citing *In re Corba*, 212 USPQ 825 (Comm'r Pat. 1981), the Examiner stated that the entitlement to priority would not be considered in either application unless the earlier priority date was needed to avoid intervening prior art.

Sometime in 2007, A&J began offering their Duo 5050 grill for sale in the United States. The Duo 5050 grill embodies the allegedly ornamental design disclosed in the '773 Patent.

The applicant's own Duo 5050 Grill, as well as documentation about it, constituted intervening prior art to the '646 Patent because it was on sale well more than a year before the filing of the application. As a result, the '646 Patent is invalid under at least 35 U.S.C. 102(b).

The applicant filed a supplemental Information Disclosure Statement with only a short third party promotional reference about the Duo, dated July 2010. A&J did not inform the PTO that the Duo grill had been on sale as early as 2007.

This omission by the A&J was material to the patentability of the '773 Patent because the Duo grill anticipated the claim of the '027 Application.

As such, the '773 Patent is unenforceable due to the commission of inequitable conduct by the applicant and his agents in the '027 Patent application.

14

## ELEVENTH DEFENSE

W.C. Bradley Co. is not the real party in interest. Its subsidiary, Char-Broil, LLC, is the real party in interest.

WHEREFORE, Bradley asks that this Court dismiss with prejudice A&J's action against Bradley and enter judgment that A&J take nothing on its claims against Bradley, that the case be determined to be exceptional pursuant to 35 U.S.C. § 285, and that Bradley be awarded its attorneys' fees and costs of defending this action and such other and further relief to which it may be entitled.

Respectfully submitted, this 6th day of December, 2013.

    KING & SPALDING LLP

    */s/ John W. Harbin*
    John W. Harbin
     (Ga. Bar No. 324130)

    1180 Peachtree Street
    Atlanta, Georgia  30309
    Tel: (404) 572-4600
    Fax: (404) 572-5134

    JAMES B. DURHAM
    Ga. Bar No. 235526
    Durham & Rizzi, P.C
    Post Office Box 2177
    Brunswick, GA  31521-2177
    Telephone: (912) 264-4480
    Email: jdurham@durhamfirm.com

    ATTORNEYS FOR DEFENDANT
    W.C. BRADLEY CO.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| A&J MANUFACTURING, LLC, <br>     a Georgia corporation, and <br><br> A&J MANUFACTURING, INC., <br>     a Florida corporation, <br><br>     Plaintiffs, <br><br>     v. <br><br> W.C. BRADLEY CO., <br>     a Georgia corporation, and <br><br> ZHEJIANG FUDEER ELECTRIC <br>     APPLIANCE CO., LTD., <br>     a corporation of the People's <br>     Republic of China, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. <br> 2:13-cv-00115-LGW-JEG <br><br> JURY DEMAND |

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **ANSWER OF DEFENDANT W.C. BRADLEY CO.,** with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorneys of record:

1

Mark David Johnson
Gilbert, Harrell, Sumerford & Martin, PC
P.O. Box 190
Brunswick, GA 31521-0190
mjohnson@gilbertharrelllaw.com

Dated: December 6, 2013

/s/ John W. Harbin