UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| A&J MANUFACTURING, LLC and A&J MANUFACTURING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> CHAR-BROIL, LLC, and ZHEJIANG FUDEER ELECTRIC APPLIANCE CO., LTD., <br><br> Defendants. | CIVIL ACTION NO. <br><br> 2:13-CV-00115-LGW-RSB |

**DEFENDANT'S MOTION TO STAY**

Defendants Char-Broil, LLC ("Char-Broil") and Zhejiang Fudeer Electric Appliance Co., LTD. ("Fudeer") request a stay of this case if and to the extent that the Court grants a stay in the related cases filed by plaintiff A&J Manufacturing, LLC ("A&J") in 2013. A&J has asserted infringement of U.S. Patent No. 8,381,712 ("the '712 patent") and U.S. Design Patent No. D660,646 ("the '646 patent") against Char-Broil, Fudeer, Academy, LTD. ("Academy"), and Rankam Metal Products Manufactory Limited, USA ("Rankam") in separate civil actions.[1] In their respective cases, Academy and Rankam have already moved the Court to

---

[1] A&J's complaint against Char-Broil and Fudeer also asserts a second design patent, U.S. Design Patent No. D662,773 ("the '773 patent"), but A&J has represented to Char-Broil, Fudeer, and the Court that A&J is going to dismiss its claims regarding the '773 patent.

1

continue to stay their cases until the review of the reexamination proceeding for the '712 patent is completed.

A&J has represented to Char-Broil, Fudeer, and the Court that it intends to dismiss its claims of infringement of the '712 patent against Char-Broil and Fudeer, but A&J has not effected this amendment yet. A&J has said it will maintains its claims regarding infringement of the '646 patent, as it does against Academy and Rankam.[2]

Accordingly, if the Court grants the motions by Academy, Rankam, and others to continue the stay pending review of the reexamination of the '712 patent, Char-Broil respectfully requests that the Court also continue to stay this parallel, related case. Staying this case as well as the others during the review of the reexamination proceedings will ensure fairness to Char-Broil and will facilitate an orderly, efficient disposition of the three related cases, and will not prejudice A&J. The benefits of litigating all of the cases together favor staying Char-Broil's case until the '712 patent reexamination proceedings are resolved and the Academy and Rankam cases resume.

---

[2] A&J has also represented to Rankam and the Court that it plans to dismiss its claims against Rankam regarding the '646 patent, but A&J has not yet done so. If A&J does dismiss its '646 patent claims against Rankam, the points discussed later in this brief concerning simultaneous litigation of the '646 patent would no longer apply with regard to the lawsuit against Rankam. To Char-Broil's knowledge, A&J has not expressed any intent to dismiss the '646 patent claims against Academy.

The Court is familiar, by now, with the patent reexamination process based on the briefing by co-defendants Academy and Rankam. *See* Case No. 2:13-cv-00113, Dkt. 39, p. 1–2 (Academy Motion to Stay); Case No. 2:13-cv-00121, Dkt. 40, p. 2–3 (Rankam Motion to Stay). Hence, Char-Broil will not repeat that information here but agrees with the position of those defendants. Instead, Char-Broil turns directly to the reasons the Court should stay this action.

### III. THE COURT SHOULD STAY THIS CASE WHILE THE CASES AGAINST THE OTHER DEFENDANTS ARE STAYED

The Court has the inherent power to control its docket and stay a case. *See, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In addition to the reasons for stay based on a reexamination of an asserted patent, as explained by the other defendants, a court considering a stay generally evaluates (1) its own interests in an orderly disposition of its caseload and (2) the parties' competing interests in the two actions. *Markel Int'l Ins. Co. v. O'Quinn*, 566 F. Supp. 2d 1374, 1376 (S.D. Ga. 2008). In determining the court's own interests, "the interest in judicial economy militates heavily in favor of either staying one of the actions or consolidating them." *Id.* (quoting *Home Ins. Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983)). To protect the interests of the involved parties, the court should consider "the relative benefits and hardships to the affected parties." *Quality Control Elec., Inc. v. J. A. Jones Constr. Co.*, No. CV487-261, 1988 U.S. Dist. LEXIS 5551, at *20 (S.D. Ga. June 14, 1988); *see*

3

*also Landis*, 299 U.S. at 259 ("Benefit and hardship will be set off, the one against the other, and upon an ascertainment of the balance discretionary judgment will be exercised anew.").

### A. The Court's Interests Are Best Served by a Stay

Granting a stay would serve the Court's interests in an orderly disposition of its caseload because it would avoid piecemeal litigation and preserve judicial resources. Both Academy and Rankam have asked the Court to stay their respective cases until reexamination proceedings as to the '712 patent are complete. While A&J has represented that it is going to drop its claims against Char-Broil and Fudeer for infringement of the '712 patent, the outcome of the '712 patent reexamination will still have an impact on this case. A&J still alleges infringement of the '646 design patent against Char-Broil and Fudeer. A&J also asserts the '646 patent against Academy (and at this point against Rankam). Litigating infringement and invalidity of the '646 patent against Char-Broil/Fudeer, Academy, and Rankam will involve many of the same issues of law and of fact: novelty, obviousness, the level of ordinary skill in the art, the scope and content of prior art, claim construction, and/or functionality of the design aspects of the '646 patent. The claims against each of the defendants in their respective cases present enough common issues that the Court has combined them for the joint status conference and the follow-up phone conference.

Furthermore, the '646 patent is a continuation of the application that matured into the '712 patent.[3] Many of the factual findings or statements by A&J about the parent '712 patent in the reexamination proceedings may be helpful in resolving issues concerning the child '646 patent. One example is the scope and content of the prior art. The '712 utility patent includes the openable covers as an element of the claims. Any finding or opinion from the Patent Office, or statement by A&J, regarding the prior art as to openable covers may be useful to the Court in assessing the validity of the '646 design patent. Another example concerns the functionality issue in design patent cases. *See, e.g., OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997) ("Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent."); *Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1188 (Fed. Cir. 1988) ("[I]t is the non-functional, design aspects that are pertinent to determinations of infringement."). Arguments made by A&J, and findings or opinions by the Board, discussing things such as obviousness issues (e.g., motivations to combine references or teaching away from the claimed invention) may shed light on the functionality of the '646 patent or elements of it.

---

[3] While the '646 patent is labeled a continuation the application that matured into the '712 patent, Char-Broil and Fudeer believe that the '646 patent, like the '773 design patent, is properly a *continuation-in-part* of the '712 patent.

Staying the case against Academy and Rankam while allowing the case against Char-Broil and Fudeer to continue would result in duplicative efforts and potentially inconsistent findings, and would be an inefficient use of judicial (and party) resources.  Instead, the Court should grant Char-Broil and Fudeer's motion to stay until the reexamination proceedings have resolved and the '646 patent claims against Char-Broil and Fudeer and Academy and Rankam can be heard at the same time.

Last, as with Academy and Rankam, this case is in its infancy.  The identical state of the litigation favors a stay for the same reasons explained in their motion to stay brief.  *See, e.g.,* Case No. 2:13-cv-00113, Dkt. 39, p. 7 (Academy Motion to Stay); Case No. 2:13-cv-00121, Dkt. 40, p. 10 (Rankam Motion to Stay).

### B. The Benefits of a Stay for Char-Broil and Fudeer Outweigh Any Prejudice to A&J

Granting a stay would not unduly prejudice A&J.  Char-Broil and Fudeer again agree with the other defendants' positions on the lack of prejudice to A&J.  Additionally, while A&J has asked for an injunction to stop Char-Broil and Fudeer from selling, etc., the products that allegedly infringe the '646 patent, this request rings hollow.  A&J initially included the '646 patent in its ITC complaint to prevent Char-Broil and Fudeer from importing the accused products into the United States.  However, A&J dropped its claims as to the '646 patent from the ITC petition before trial, allowing Char-Broil and Fudeer to continue to import and

6

sell the allegedly infringing products.  Had A&J maintained its claim at the ITC and shown the patent was infringed and not invalid, it would have the obtained same protection as the injunctive relief it now seeks from this Court.  A&J chose not to pursue that avenue for relief.  In addition, at the initial status conference with the Court, A&J's counsel stated A&J was not certain it was even going to pursue its infringement claims as to either of the design patents, including the '646 patent. A&J's formalistic plea for injunctive relief in its complaint should be given little weight in considering whether to grant an additional stay.

A&J also claims monetary damages for alleged infringement of the '646 patent.  But, when the reexamination proceedings for the '712 patent ultimately conclude, even if the '646 patent is not found invalid and Char-Broil and Fudeer are found to infringe, A&J can recover pre-judgment interest from them to provide full compensation—*including* the period of the stay.  Thus, there is no prejudice to A&J from the entry of a stay because any perceived harm can be remedied by money.  *Datatreasury Corp. v. Wells Fargo & Co.*, 490 F. Supp. 2d 749, 752 (E.D. Tex. 2006) (finding "the availability of money damages is sufficient to protect plaintiff from prejudice").[4]  Continuing to stay this case, therefore, would cause little, if any, harm to A&J.

---

[4] As the parties noted in the other stay motions, delays inherent to the reexamination process do not alone constitute undue prejudice, *see, e.g.*, *Photoflex Prods. v. Circa 3 LLC*, 2006 U.S. Dist. LEXIS 37743, at *5 (N.D. Cal. May 24, 2006), and that is particularly true here.

However, if the Court grants Academy and Rankam's motions to stay but denies this motion, then Char-Broil and Fudeer would be forced to defend against the '646 patent infringement claims without the benefit of the determinations from the '712 patent reexamination proceedings. While A&J has said it is going to drop its claims against Char-Broil and Fudeer regarding the '712 patent, the '646 patent claims priority to the '712 patent. As noted above, there are several legal and factual questions from the parent '712 patent and the reexamination proceedings that may affect Char-Broil and Fudeer's litigation, along with Academy and Rankam's litigation of the '646 patent in this Court. Without a concomitant stay of this proceeding, Char-Broil and Fudeer would be unfairly prejudiced by litigating without the benefit of the complete reexamination record, causing potential inconsistent outcomes in the related cases and increasing independent discovery and other costs for Char-Broil and Fudeer.

The benefits to Char-Broil and Fudeer from such a stay outweigh any harm a stay may cause A&J.[5]

### IV.  CONCLUSION

All factors weigh heavily in favor of entering a stay to preserve the parallel litigation track with A&J's cases against Academy and Rankam if those cases are stayed. Char-Broil and Fudeer respectfully request that, if the Court grants

---

[5] If the Court declines to stay the Academy and Rankam cases, there is no basis to stay this case either.

Academy and Rankam's motion to stay litigation until the conclusion of the reexamination proceedings at the USPTO, the Court also grant this motion to stay until the related Academy and Rankam cases resume.

Respectfully submitted this 18th day of September, 2017,

/s/ John W. Harbin
John W. Harbin
Georgia Bar No. 324130
MEUNIER CARLIN & CURFMAN LLC
999 Peachtree Street NE, Suite 1300
Atlanta, Georgia 30309
Phone: 404-645-7700
jharbin@mcciplaw.com


James B. Durham
HALL BOOTH SMITH, PC
3528 Darien Highway, Suite 300
Brunswick, GA 31525
Phone: 912-554-0093
Email: jdurham@hallboothsmith.com


*Attorneys for Defendants Char-Broil, LLC and Zhejiang Fudeer Electric Appliance Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above **DEFENDANT'S MOTION TO STAY** has been served upon all counsel of record via the CM/ECF system, this 18th day of September, 2017.

/s/ John W. Harbin
John W. Harbin