UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| A&J MANUFACTURING, LLC, ) <br>     a Georgia corporation, and ) <br> ) <br> A&J MANUFACTURING, INC., ) <br>     A Florida corporation, ) <br>                       Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> W.C. BRADLEY CO., ) <br>     a Georgia corporation, and ) <br> ) <br> ZHEJIANG FUDEER ELECTRIC ) <br>     APPLIANCE CO., LTD., ) <br>     a corporation of the People's ) <br>     Republic of China, ) <br>                       Defendants. ) | Civil Action No. CV213-115 <br><br> JURY DEMAND |

**JOINT STATUS REPORT**

      Plaintiff A&J Manufacturing, LLC ("A&J") and Defendant Char-Broil, LLC ("Char-Broil") hereby file the parties' joint response to the Court's January 5, 2018 minute order requiring a status report. The parties have conferred regarding the legal, factual, and case management issues in this case. In this joint report, the parties identify the principal current issues concerning each of the following: (1) procedural matters; and (2) the potential legal and factual issues. In addition, this lays out the current areas of agreement between the parties and the principal areas of current disagreement between the parties and the parties' respective positions.

**Procedural Issues**

      The current procedural issues in the case are:

- Whether the Court should apply a version of the Northern District of Georgia Patent Local Rules to this case; and

- What the overall schedule should be in the case going forward. In that regard, A&J may file a motion for summary judgment to establish infringement. Char-Broil would oppose such motion. Char-Broil also plans to file a motion for summary judgment on the issue of infringement. Each party is considering summary judgment motions on validity and enforceability issues. At present, Char-Broil plans to file a partial motion for summary judgment on damages. As discussed below, the parties are in disagreement concerning what an appropriate discovery period would be.

## Potential Legal and Factual Issues

A&J alleges that Char-Broil infringed the U.S. Design Patent No. 'D660,646 ("the 'D646 Patent"). The potential legal and factual issues in this case include:

- Whether the claim of the 'D646 Patent requires claim construction;

- Whether Char-Broil infringed the 'D646 patent;

- Whether the claim of the D646 patent is entitled to the patent's asserted priority date

- Whether the 'D646 Patent is valid;

- Whether the 'D646 is enforceable;

- Whether infringement, if found, was willful;

- What effect, if any, should the determinations in the ITC proceeding that involved A&J and Char-Broil have in this case;[1]

- If the 'D646 patent is valid, enforceable, and infringed, what is the measure of damages and on what should the damages be based (e.g., a portion of the grill or the entire grill);

- If an award of damages to A&J is found to be appropriate, what is the relevant time period for a calculation of damages;[2]

- Whether A&J is liable for false advertising;

- Whether A&J is liable for unfair competition;

- Whether A&J is liable for tortious interference with contracts and business relationships;

- Whether A&J is liable for a violation of the Georgia Deceptive Trade Practices Act;

- If A&J is liable under any of those causes of action in Char-Broil's counterclaim, what remedy or remedies are appropriate; and

---

[1] A&J reserves the right to argue that some facts are established as a matter of law through the ITC proceedings. Char-Broil would contest such an argument, as Char-Broil believes the law is clear that district courts are entitled to give ITC decisions in Section 337 actions whatever persuasive effect they believe is appropriate (including none), and A&J dropped the design patent at issue here, the 'D646 patent, from the ITC case before the trial.

[2] It is A&J's position that its products were adequately marked and that Char-Broil had actual notice of issuance of the 'D646 patent well before August 21, 2013. It is Char-Broil's position that A&J did not notify Char-Broil of its alleged infringement of the D646 patent or adequately mark its products with the patent number as required by 35 U.S.C. § 287(a), and that whether Char-Broil itself had notice of the 'D646 patent is irrelevant, so that any damages are limited to the period after service of the complaint in this action.

- Whether Char-Broil or A&J are entitled to recover attorneys' fees and expenses of litigation under 35 U.S.C. § 285 or O.C.G.A. § 13-6-11, or otherwise.

## **Areas of Agreement**

The parties identify the following areas of agreement:

- Per Char-Broil's request, A&J will file an amended complaint clarifying that A&J's action is limited to only the 'D646 Patent.
- The parties consent to a bench trial in this action.
- The parties agree that discovery served in the ITC action will be usable in this action, providing that protective order issues can be resolved, and subject to typical questions of relevance, etc.
- Char-Broil is willing to stipulate to the number of units sold, with the caveat that, as noted above, there is a disagreement between the parties about what is the relevant time frame of damages.  on.
- Char-Broil is willing to stipulate to the amount of profits on the stipulated units sold, with the caveat that there will be a question as to the portion of profit to which A&J would be entitled if A&J proves infringement, validity, and enforceability, and as noted a question about the relevant period for calculating damages.
- Although the parties disagree about whether claim construction is necessary, the parties agree that, if the Court determines that claim construction is appropriate, expert reports should be due after the Court construes the claims.

**Areas of Disagreement**

- Claim construction:
    - A&J's position is that claim construction is not necessary, and that the only claim for the 'D646 Patent is the ornamental design for a pair of lids for a dual grill as shown in Figures 1-7 of the 'D646 Patent. A&J's position is that there is no functional or non-ornamental material to be "factored out" of the design patent through claim construction.
    - Char-Broil's position is that claim construction is needed as a predicate to both the infringement and invalidity analyses and would be helpful to the Court, and that the issue is not solely whether there are functional or non-ornamental features to be "factored out." For example, one issue is what effect statements in the patent's prosecution and reexamination history will have on the interpretation of the claim in the 'D646 Patent. Other examples are whether the construction the ITC gave to the term "openable cover" in regard to the claims of the '712 utility patent should inform the construction of the term "lids" in the 'D646 Patent here, and what effect the prior art will have on construing the claim of the 'D646 Patent. Given that the 'D646 Patent has a single claim (as all US design patents have), Char-Broil believes that the claim construction period could be shortened from what is in the Northern District of Georgia Local Patent Rules, but Char-Broil believes that the schedule should accommodate a period for claim construction.
- Whether the Court should adopt the Northern District of Georgia Patent Local Rules or a version of them.

- o A&J believes that the Northern District of Georgia Patent Local Rules primarily address issues relating to utility patents and claim construction (e.g., infringement and validity contentions, claim construction proceedings), and thus A&J believes adopting them is neither necessary nor useful in this action.
- o As noted above, Char-Broil believes that claim construction would be helpful, but believes that adopting a version of the Northern District of Georgia Patent Local Rules would be helpful whether or not the Court undertakes claim construction. For example, adopting the provisions about infringement and invalidity contentions would facilitate an orderly resolution of the case.
- The Length of the Discovery Period:
    - o A&J does not believe that claims construction is necessary, and, thus, believes that fact discovery should be completed two months after the Court issues an initial scheduling order.
    - o Char-Broil believes that claims construction should be undertaken before summary judgment briefing. Whether or not the Court does incorporate a period for claim construction, however, for several reasons that can be explained, Char-Broil believes that A&J's proposed fact discovery period is too short, and A&J fails to incorporate a period for expert discovery. Char-Broil proposes that the initial fact discovery end 150 days after A&J's files its amended complaint. If the Court undertakes claim construction, Char-Broil proposes that, consistent with the Northern District of Georgia Patent Rules, there be an additional fact discovery period of 45 days once the Court issues its ruling on claim construction, or alternatively that either party be allowed to request such an additional period for

fact discovery after the Court's claim construction ruling, followed by the period for expert discovery.

- Timing of Summary Judgment:
    o A&J proposes that the deadline for motions for summary judgment be set four months from the issuance of a scheduling order.
    o Char-Broil proposes this deadline be set at 30 days after the conclusion of expert discovery.

RESPECTFULLY SUBMITTED this 26th day of January, 2018.

s/ Mark D. Johnson
Mark D. Johnson
Georgia Bar No. 395041
Gilbert Harrell Sumerford & Martin, P.C.
777 Gloucester St. Suite 200
Brunswick, GA 31520
P: (912)265-6700
F: (912)264-0244
mjohnson@gilbertharrelllaw.com

Lance D. Reich
State Bar No. 599698
Helsell Fetterman LLP
1001 Fourth Avenue, Suite 4200
Seattle, WA 98154
(206)262-1144
lreich@helsell.com

*Attorneys for Plaintiffs*

/s/ John W. Harbin
John W. Harbin
Georgia Bar No. 324130
Meunier Carlin & Curfman LLC
999 Peachtree St. NE
Suite 1300
Atlanta, GA 30309
P: (404)645-7700
F: (404)645-7707
jharbin@mcciplaw.com

James B. Durham
Georgia Bar No. 235526
Hall Booth Smith, P.C.
3528 Darien Hwy., Suite 300
Brunswick, GA 31525
P: (912)554-0093
F: (912)554-1973
jdurham@hallboothsmith.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing **JOINT STATUS REPORT** has been served up all counsel of record via the CM/ECF system, this 26th day of January, 2018.

/s/ Mark D. Johnson
Mark D. Johnson