IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| A&J MANUFACTURING, LLC, and<br>A&J MANUFACTURING, INC.,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHAR-BROIL, LLC,<br>,<br>　　　　Defendant. | CIVIL ACTION NO.<br>2:13-CV-00115-LGW-RSB |

**JOINT PROPOSED DISCOVERY PLAN AND RULE 26(f) REPORT**

In accordance with the Court's May 9, 2018, Order (Doc. 61), the Plaintiffs A&J Manufacturing, LLC, and A&J Manufacturing, Inc. ("A&J") and Defendant Char-Broil, LLC ("Char-Broil") present the following proposed discovery plan. The Court's Order stated that the parties "need not use the Court's form Rule 26(f) Report" for the proposed discovery plan but directed the parties to "address all of the matters contained therein." (Doc. 61, at 1 n.2). Accordingly, the parties have modified the standard Rule 26(f) Report to suit the unique procedures and deadlines of this case, while still addressing each section of the standard form.

The parties met and conferred by telephone on May 23, and that telephone call was attended by A&J's counsel Lance Reich, and Char-Broil's counsel John Harbin and Warren Thomas.

**I.     INITIAL MATTERS**

　　**A.     Jurisdiction and Venue**

　　The defendant **does not** contest jurisdiction and/or venue.

　　**B.     Immunity**

　　The defendant **will not** raise an immunity defense.

1

C. **Stay of discovery due to motion to dismiss, transfer, or remand**

Neither party intends to file a motion to dismiss, transfer, or remand, and neither party intends to request a stay based on those motions.

II. **SETTLEMENT**

A. **Settlement efforts to date**

The parties state they have taken efforts to resolve this dispute, and those efforts included a settlement conference with Magistrate Judge Baker on November 9, 2017, a subsequent meeting of the principals of each party, a telephonic conference with Magistrate Judge Baker on January 5, 2018, and additional discussions between the parties.

B. **Early Settlement Discussion**

Counsel certify that they have discussed the potential for settlement between themselves, explored early involvement in alternative dispute resolution with their clients, and conducted the Court-sponsored mediation discussed above.

III. **INITIAL DISCLOSURES AND SCHEDULING CONFERENCE:**

A. **Initial Disclosures**

Rule 26(a)(1) disclosures will be served no later than two weeks after the Court enters the scheduling order and lifts the stay (see Proposed Schedule below).

B. **Scheduling Conference**

Neither party is requesting that the Court hold a Scheduling Conference prior to the issuance of a Scheduling Order. Should the Court deem a scheduling conference necessary, the parties are available for a Scheduling Conference on the following dates over the next twenty days:

- May 31, June 7–8, 11–12, and 18–18 (any time);
- June 4 after 3 PM Eastern;

- June 5 before 2 PM Eastern;

- June 6 after 2 PM Eastern;

- June 13 after 3 PM Eastern;

- June 14 before 10:30 AM or after 4 PM Eastern.

The parties state that they prefer to appear for a scheduling conference by **telephone**.

## IV.     DISCOVERY

The parties understand the Court's direction to address discovery in the following sequential order, and the Proposed Schedule below includes discovery deadlines that follow this sequential course.

> *First*: Accomplishing all fact-based written discovery, inspections, and examinations under Rules 33 through 36 of the Federal Rules of Civil Procedure, as well as the subpoena of documents, electronically stored information, and other tangible things from third parties under Federal Rule of Civil Procedure 45(d)(2);
>
> *Second*: Conducting discovery depositions of fact witnesses who have not been designated as experts;
>
> *Third*: Making all expert disclosures; and
>
> *Fourth*: Conducting all expert depositions.

Additionally, and in accordance with the Court's Order (Doc. 61), the parties' proposed schedule generally conforms to the sequence prescribed in Northern District of Georgia Patent Local Rules (LPR) 3 through 7. Even after reducing the default timeframes in the LPR, this schedule extends the discovery deadlines beyond this Court's standard 140-day period.

### A.     Limitations on fact-based written discovery, inspections, and examinations, and depositions of non-expert witnesses

1. The maximum number of interrogatories, including sub-parts, which may be served by any party on any other party, is **25**.

2. The parties do not anticipate seeking to conduct any inspections of any land, premises, or other property under Federal Rule of Civil Procedure 34(a)(2) or 45(d)(2).

3. The parties do not anticipate seeking to conduct any physical or mental examinations under Federal Rule of Civil Procedure 35.

4. The maximum number of depositions (including all expert and non-expert) that may be taken by a party is **10**.

5. Depositions will be limited in duration by Federal Rule of Civil Procedure 30(d)(1).

6. Each party anticipates designating, calling or otherwise relying upon expert witnesses, and the dates for disclosures under Fed. R. Civ. P. 26(a)(2)(B) and 26(a)(2)(C), and the LPR of the N.D. Ga. are indicated in the Proposed Schedule below.

7. The maximum number of requests for admission, excluding those to authenticate documents or exhibits, which may be served on an opposite party is **25**.

  **B.**  **Agreed Discovery Procedures**

This Court adopted the Local Patent Rules of the N.D. Ga. for sequence and timing of certain disclosures in this design patent case. Because the N.D. Ga.'s LPR are focused on disclosures for utility patent cases whereas this case involves a design patent, the parties' proposed schedule shortens many of the timeframes provided in the LPR for completing some of the required disclosures.

Additionally, the parties have agreed to modify the Claim Construction disclosures and briefing schedule from what is set out in the N.D. Ga.'s LPR 6. Rather than disclosing "terms" (of a utility patent) to be construed and then filing simultaneous briefs proposing construction, the parties agreed to conduct claim construction briefing in accordance with the Northern District of Illinois's Local Patent Rule 4.2. As noted in the Comment to N.D. Ill. LPR 4.2, consecutive,

rather than simultaneous, briefs provide for a total of three briefs (rather than the N.D. Ga.'s four).

### C.   Third-Party Discovery

The parties do not presently anticipate that they will request a substantial amount of discovery, including the production of documents and other tangible things, from any individual or entity that is not a party to this action, but limited third party discovery may be required.

### D.   Electronically Stored Information

By signing below, the parties certify that they have conferred together regarding the preservation and production of electronically stored information that may be relevant to the disposition of this suit. The parties are prepared to discuss discovery of electronically stored information with the Court at the Rule 26 Instruction Conference.

The parties have not reached an agreement as to electronic discovery yet. The parties do not anticipate any out of the ordinary disputes regarding the preservation, disclosure, or discovery of electronically stored information. If any disputes arise, the parties will first attempt to resolve the issue without Court intervention.

### E.   Privileged, Protected, and/or Confidential Communications and Information

The parties certify that they have conferred together regarding any documents or information withheld due to claims of privilege, confidentiality, or other protections.

The Court has already entered a protective order regarding confidential technical, sales, marketing, financial, or other commercially sensitive information. (Doc. 50). The parties have not reached an agreement as to other claims of privilege or protection aside from set forth in that order yet. The parties do not anticipate any out of the ordinary disputes regarding the claims of privilege or protection after production of either electronic or other discovery material. If any disputes arise, the parties will first attempt to resolve the issue without Court intervention.

F.   **Protected Health Information**

The parties **do not** anticipate that this case will involve any medical records and/or protected health information, including any information that may be protected by the Health Insurance Portability and Accountability Act (HIPAA) and/or any state or federal privilege or protection for health information.

G.   **Proposed Schedule**

| Milestone | Proposed Timeframe |
|---|---|
| A&J to file Amended Complaint | 1 week after stay lifted |
| Char-Broil to file Answer to Amended Complaint | 1 week after A&J's Amended Answer |
| FRCP 26(a) Initial Disclosures Due | 2 weeks after stay lifted |
| Last day for filing motions to amend or add parties | 30 days after Answer to Amended Complaint |
| LPR 4.1 A&J Initial Infringement Contentions and production | 2 weeks after Initial Disclosures |
| LPR 4.2/4.3 Char-Broil Non-Infringement and Invalidity Contentions | 4 weeks after Initial Infringement Contention |
| Char-Broil to file opening claim construction brief joint appendix with patent and file history (in accordance with ND Ill LPR 4.2(a) and (b)) | 4 weeks after Char-Broil's Non-Infringement and Invalidity Contentions |
| A&J to file responsive claim construction brief (in accordance with N.D. Ill. LPR 4.2(c)) | 4 weeks after opening claim construction brief |
| Char-Broil to file reply claim construction brief (in accordance with N.D. Ill. LPR 4.2(d)) | 2 weeks after responsive claim construction brief<br>If A&J offers testimony of a witness to support its claim construction, then the date for Char-Broil's reply shall be extended by 1 additional week |
| Parties to file joint status report containing parties' proposal for the nature and form of a claim construction hearing | 1 week after reply claim construction brief |
| Claim Construction Hearing | At the Court's convenience, at least 1 week after the joint status report |

| Milestone | Proposed Timeframe |
|---|---|
| Written discovery under Fed. R. Civ. P. 33 through 36 | Completed 120 days after A&J files initial disclosures<br><br>The parties reserve right to move Court for additional fact discovery after a claim construction ruling if necessary, up to 45 days |
| Discovery depositions of witnesses who have not been designated as experts | Completes 30 days after written discovery |
| Initial disclosure of experts and expert reports on issues on which party bears burden of proof due (N.D.Ga. LPR 7.1(b)) | 45 days after the Court issues a claim construction ruling<br>(the express effect is that all expert discovery, other than may be involved in claim construction, is stayed until after the claim construction order is issued) |
| Initial disclosure of experts and expert reports on issues on which the opposing party bears burden of proof (N.D. Ga. LPR 7.1(c)) | 30 days after first round of expert disclosures |
| Rebuttal expert disclosures due (N.D. Ga. LPR 7.1(d)) | 10 days after second round of disclosures |
| Expert deposition period opens (N.D. Ga. LPR 7.2) | 7 days after rebuttal reports are served |
| Expert deposition period closes (N.D. Ga. LPR 7.2) | 30 days after expert deposition period opens, at which point expert discovery is closed |
| Last day for filing all civil motions, including summary judgment and *Daubert* motions, but excluding motions in limine | 30 days after close of expert discovery |
| Depositions of all witnesses (whether fact or expert) that are *de ben esse* depositions and taken not for discovery but for use at trial | 30 days after close of expert discovery; or, if a motion for summary judgment or other dispositive motion is pending at the time of this deadline, this deadline is automatically extended. In such event, the parties need not and shall not file a motion to extend any later deadlines. Rather, the parties' *de ben esse* depositions will complete within 30 days of this Court's ruling on the motion for summary judgment or other dispositive motion. |
| Pretrial order due | 30 days after *de ben esse* depositions must be completed |

7

## V. MOTIONS

### A. Motions to Amend the Pleadings or Add Parties

A&J will file an amended complaint to clarify that the only patent being asserted is the D646 patent within one week of the Court lifting the stay, and Char-Broil will file a responsive pleading within one week after A&J's Amended Complaint, as noted in the Proposed Schedule above.

The parties do not currently anticipate the need to amend pleadings to add any additional parties. Any further motions to amend the pleadings or add parties will be filed within 30 days after Char-Broil's Answer to A&J's Amended Complaint.

### B. Civil Motions (except motions in limine)

All other motions, including motions for summary judgment and motions to exclude expert testimony on Daubert and other grounds (but excluding motions in limine), shall be filed by 30 days after the deadline to complete expert discovery, as set forth in the Proposed Schedule above.

Additionally, each party states that it may also move for partial summary judgment on one or more issues earlier than the above deadline. For example, each party believes that a motion for summary judgment of infringement/non-infringement may be appropriate at the same time as claim construction. Char-Broil may also move for partial summary judgment limiting damages under § 287(a).

To the extent a party submits expert testimony by declaration in support of such motion before scheduled time for expert discovery begins, the party opposing the motion will promptly make the expert available for deposition.

## VI. PRETRIAL

### A. Pretrial Order

The parties shall prepare and file the joint consolidated pretrial order by the time specified in the Proposed Schedule above.

### B. *De Ben Esse* Depositions

The parties shall complete all depositions of all witnesses (whether fact or expert) that are *de ben esse* depositions (taken not for discovery but for testimony to be used at trial) by the time indicated in the Proposed Schedule above.

Respectfully submitted,

| | |
|---|---|
| /s/ Lance D. Reich (with permission)<br>Mark D. Johnson<br>Georgia Bar No. 395041<br>GILBERT, HARRELL, SUMERFORD & MARTIN, PC<br>777 Gloucester Street, Suite 200<br>P.O. Box 190<br>Brunswick, GA 31520<br>Phone: 912-265-6700<br>mjohnson@gilbertharrelllaw.com | /s/ John W. Harbin<br>John W. Harbin (Ga. Bar No. 324130)<br>Warren J. Thomas (Ga. Bar No. 164714) (pro hac vice)<br>MEUNIER CARLIN & CURFMAN LLC<br>999 Peachtree Street, NE, Suite 1300<br>Atlanta, Georgia 30309<br>Tel: (404) 645-7700<br>jharbin@mcciplaw.com<br>wthomas@mcciplaw.com |
| Lance D. Reich<br>Georgia Bar No. 599698<br>Helsell Fetterman LLP<br>1001 4th Avenue, Suite 4200<br>Seattle, WA 98154<br>Phone: 206-689-1144<br>lreich@helsell.com | James B. Durham<br>HALL BOOTH SMITH, PC<br>3528 Darien Highway, Suite 300<br>Brunswick, GA 31525<br>Phone: 912-554-0093<br>Email: jdurham@hallboothsmith.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant Char-Broil, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing paper has been served on all counsel of record via the CM/ECF system on May 30, 2018.

             /s/ *John W. Harbin*
             *Attorney for Char-Broil, LLC*